McMILLAN, Judge.
This appeal involves the denial of petitioner’s Rule 32, A.R.Cr.P., petition. The underlying conviction was for murder, in violation of § 13A-6-2, Code of Alabama 1975. The petitioner did not take a direct appeal.
The petitioner made the following allegations in his Rule 32 petition:
1. That he received ineffective assistance of trial counsel because his counsel:
(a) failed to call expert witnesses;
(b) failed to investigate the petitioner’s mental history;
(c) failed to properly evaluate the petitioner’s competency to stand trial;
(d) failed to investigate the State’s witnesses for impeachment purposes; and
(e) failed to ascertain that the petitioner was unable to assist in his defense because of medication he was taking;
2. That he was coerced into making a confession;
3. That he was unable to establish pros-ecutorial misconduct that occurred during closing arguments because that portion of the trial was excluded from the record; and
4. That he was not informed by the trial judge of his right to read the presentence investigation report.
The trial court stated the following in its order denying the petitioner’s petition:
“1) Petitioner’s allegations of ineffective assistance of counsel are without merit; 2) petitioner’s allegation that he gave an involuntary confession is pre-eluded under Rule 32.2(a)(2) and Rule 32.2(a)(5), A.R.Cr.P.; 3) petitioner offered no evidence in support of his allegation of prosecutorial misconduct; and 4) petitioner’s argument that he was denied the right to read the presentence investigation report is precluded based upon Rule 32.2(a)(6), A.R.Cr.P.”
On appeal of the denial of his Rule 32 petition, the petitioner’s sole allegation is that his trial counsel was ineffective because he did not plead or present any evidence concerning the petitioner’s mental state. The petitioner alleges that before trial, he was in a mental hospital, was on medication, and was not aware of any events that were occurring in preparation for his trial.
After reviewing the record, we deem it necessary to remand this case to the Circuit Court for Butler County so that the trial court can make “specific finding of fact” relating to the petitioner’s ineffective assistance of counsel claim. Rule 32.9(d), A.R.Cr.P. Jackson v. State, 572 So.2d 1321 (Ala.Cr.App.1990). A copy of those findings is to be filed with this court within 45 days from the release of this decision.
REMANDED WITH DIRECTIONS.
All Judges concur.