ON RETURN TO REMAND
McMILLAN, Judge.
This court remanded this case to the trial court with instructions to make “specific findings of fact” relating to the claim of ineffective assistance of counsel presented by the petitioner, Richard Lynch, Lynch v. State, 620 So.2d 748 (Ala.Cr.App.1992). Pursuant to those instructions, the trial court issued the following findings of fact:
“1. With regard to [the petitioner’s ineffective assistance of counsel claim], generally, the Court finds that the Defendant was represented effectively by each of his attorneys;
“2. That [the first defense attorney] has practiced law in Butler County for fifteen years with approximately 25% of his law practice being in the area of criminal law;
“3. That [the second defense attorney] has practiced law for twenty-nine years, primarily in Mobile County, with approximately 50% of his law practice being in the area of criminal law;
*751 “4. With regard to [trial counsels’ failure to call expert witnesses], the Court finds that the Defendant’s counsel were not ineffective because of the fact that they did not call Dr. Claude Brown, M.D., as a witness. The Court finds that Dr. Brown could not have provided any facts to the jury that would have supported the Defendant’s theory of an accidental shooting;
“5. With regard to [trial counsels’ failure to investigate petitioner’s 1) mental history; 2) competency to stand trial; and 3) inability to assist in his defense because of medication he was taking], the Court finds that Defendant had no mental history upon which his counsel could have based a mental defense. The Court finds that the Defendant’s alleged mental problems did not begin until after the death of the victim in this case and that the Defendant’s attorneys obtained psychiatric assistance for the Defendant prior to indictment in this case and the attorneys were in frequent contact with the psychiatric experts who evaluated and treated the Defendant from January, 1988, through March, 1989. Further, the Court finds that the Defendant’s psychiatric experts advised the Defendant’s attorneys that the Defendant was mentally competent and that there was insufficient evidence prior to or at the time of the death of the victim in. this case upon which to base a mental defense claim. Lastly, the Court finds that the Defendant was competent to assist his attorneys in the preparation of his case for trial and that the Defendant did so assist his attorneys;
“6. With regard to [trial counsel’s failure to investigate the State’s witnesses for impeachment purposes], the Court finds that the attorneys interviewed the witnesses in the case prior to trial with the exception of Mr. Phillips and Mr. Phillips was adequately cross-examined at trial and his credibility was attacked by Defendant’s attorneys;
“7. With regard to [appellant’s contention that he was coerced into making a confession], the Court finds that the Defendant’s ‘confession’ was not a confession to the crime of murder as charged, but was the Defendant’s statement of the accidental nature of the death of his wife and was not detrimental to his case. The Court finds that the said statement was given to law enforcement officials after the Defendant had been properly given his ‘Miranda’ rights. Finally, based upon the testimony of Defendant’s attorneys, the Court finds that the Defendant’s statement properly reflected the defense’s theory of their case and, in fact, both attorneys wanted the statement admitted at trial because they felt that it would be beneficial to Defendant’s defense;
“8. Alternatively, with regard to [appellant’s contention that he was coerced into making a confession], the Court finds that under Rule 32.2(a)(2) and/or Rule 32[32.2](a)(5) of the Alabama Rules of Criminal Procedure, the Defendant is precluded from raising this issue at the time since it was properly addressed at trial and could have been raised on appeal;
“9. With regard to [appellant’s contention that prosecutorial misconduct occurred during his trial], the Court finds that the Defendant offered no evidence in support of his allegations of prosecuto-rial misconduct and hence the claim is groundless;
“10. With regard to [the appellant’s contention that he was not informed by the trial court of this right to read the presentence report], the Court finds that under Rule [32.2(a)(5)] of the Alabama Rules of Criminal Procedure, the Defendant is precluded from raising this issue at this time since he could have raised it on appeal; or
“a. Alternatively, the Defendant’s attorneys received the pre-sentence report prior to sentencing and they did not feel that any information in the report would detrimentally affect the Defendant’s sentence in this case;
“11. That the Defendant’s attorneys provided testimony from at least one witness at the sentencing hearing and the Defendant had ample opportunity to re *752 fute any information in the pre-sentence report that he felt was false or misleading.”
We have reviewed the record and agree with the trial court that the petitioner received effective assistance of counsel at trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.